UNITED STATES STEEL CORPORATION, ET AL., PLAINTIFFS *v.* UNITED STATES AND THE UNITED STATES INTERNATIONAL TRADE COMMISSION, DEFENDANTS

Consolidated Court No. 82-3-00288

Before WATSON, *Judge.*

(Decided May 20, 1982)

The Law Department of United States Steel Corporation (*D. B. King, J. J. Mangan, C. D. Mallick* and *L. Ranney* on the brief) for plaintiff United States Steel Corporation.

*Michael H. Stein,* General Counsel and *Warren H. Maruyama* on the brief for defendant U.S. International Trade Commission.

*J. Paul McGrath,* Assistant Attorney General (*David M. Cohen,* Branch Director, Commercial Litigation Branch and *Sheila N. Ziff,* Commercial Litigation Branch, on the brief) for Department of Commerce.

WATSON, *Judge:* This motion would normally be decided without a written opinion. However, in this formative period of litigation under the Customs Courts Act of 1980 and the Trade Agreements Act of 1979, the Court will elaborate briefly on its denial of the motion in the hope that it will shed light on practice and procedure and provide some guidance in future proceedings.

This is a motion for reconsideration of the Court's opinion in Slip Op. 82-27 (April 23, 1982) in which it denied plaintiff's motion for the continuation, *pendente lite,* of certain antidumping and countervailing duty investigations of steel products, which investigations had been terminated when the International Trade Commission (ITC) found no reasonable indication of material injury to a U.S. industry. The Court found no justification for the extraordinary relief requested in the face of a statute which required termination and provided a means of orderly judicial review of the findings by the ITC.

Plaintiff argues that the Court erred when it denied the motion without waiting for a reply brief by plaintiffs. The Court notes that this was done deliberately, in conformity with the Court rules, and in the interest of a speedy resolution of the action.

Rule 7(d) of the Rules of this Court does not allow the moving party to file a reply brief if its motion was non-dispositive, as was the case here. The filing of such a reply must be approved by the Court, which approval must be obtained even if the opposing parties have no objection. Here, the lack of merit in plaintiff's motion was clear after the first exchange of memoranda and the Court de-

cided that further argument was unnecessary. This also reflected the Court's recognition that these actions are given a statutory priority and their resolution must be expedited in every way. 28 U.S.C. 2633.

The substance of plaintiff's argument for reconsideration appears to be that it was not asking for the full-scale continuation of the investigations but rather for a more modest extension of the normal data gathering function of the Department of Commerce.

In the Court's opinion, the ordering of any additional administrative activity designed to allow the revival and continuation of these investigations would represent extraordinary relief, the granting of which plaintiff has not justified.

In the face of a statute which unambiguously requires termination of the investigation and during the pendency of an action whose ultimate objective is to have the termination set aside, the fact that plaintiff seeks only a relatively modest resumption of the investigation does not lessen the standard it must satisfy in order to obtain an extraordinary writ or injunctive relief.

For the above reasons plaintiff's motion for reconsideration is denied.